IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE LOUIS BERGER GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 11 C 430 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| JPMORGAN CHASE BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff The Louis Berger Group, Inc. ("LBG") filed this action against defendant JPMorgan Chase Bank, N.A. ("JPMorgan") seeking specific performance of a letter of credit issued by JPMorgan on behalf of Progressive Constructions Limited ("PCL"). Before the Court is JPMorgan's motion to dismiss or stay and PCL's motion to intervene. For the reasons provided in this Memorandum Opinion and Order, the Court grants JPMorgan's motion to stay and denies PCL's motion to intervene.

**Background**

In April 2009, LBG awarded a construction contract to PCL, a construction company incorporated in India, to build part of a road in Sudan. (Compl. ¶ 10.) The contract required PCL to post a guarantee for its performance, which it did by obtaining a letter of credit from JPMorgan in favor of LBG. (*Id.* ¶¶ 11, 15.) The letter of credit states that JPMorgan will pay LBG "any sum or sums not exceeding . . . [$]3,573,975.00 upon the presentation of a demand" by LBG. (*Id.* ¶ 19.)

According to LBG, shortly thereafter, PCL defaulted under the construction contract and LBG expelled it from the project site. (*Id.* ¶ 27.) Thereafter, on November 9, 2009, contrary to an express clause in the contract stating that any disputes were to be determined by arbitration in New Jersey, PCL initiated litigation in the Civil Court of Hyderabad, India and obtained an *ex parte* preliminary injunction barring JPMorgan from honoring the letter of credit. (*Id.* ¶¶ 13, 29.) Fifteen months later, the Indian court dismissed the injunction, ruling that it did not have jurisdiction because of the agreed arbitration clause in the construction contract. (Def.'s Mot. Dismiss at 5; Pl.'s Opp'n Def.'s Mot. Dismiss Ex. B, Indian Court's Order Vacating Inj.) PCL appealed and obtained a new injunction pending appeal. (Def.'s Mot. Dismiss Group Ex. E, Indian App. Ct. Orders.) Then, on October 18, 2010, PCL demanded arbitration against LBG in New Jersey seeking damages for, among other things, fraud and breach of contract. (Compl. ¶ 31.)

On December 30, 2010, LBG demanded payment of the letter of credit from JPMorgan due to PCL's default. (*Id.* ¶ 33.) JPMorgan refused to honor it due to the Indian court's injunction. (*Id.* ¶ 34.) As a result, LBG filed this action to enforce the letter of credit and for breach of contract because of JPMorgan's refusal to pay. (*Id.* Counts I-II.)

## Discussion

### I. JPMorgan's Motion to Stay Pending Arbitration

JPMorgan argues this action should be stayed until the Indian court's injunction is lifted and/or until the resolution of the pending arbitration. The Court agrees. While the Federal Arbitration Act requires a stay for arbitrable issues, a district court also has the discretion to stay

2

nonarbitrable issues while arbitration proceedings are pending.[1] 9 U.S.C. § 3; *see Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 n.23 (1983) ("In some cases, it may be advisable to stay litigation among the nonarbitrating parties pending the outcome of the arbitration. That decision is one left to the district court . . . as a matter of discretion to control its docket."); *see Volkswagen of Am., Inc. v. Sud's of Peoria, Inc.*, 474 F.3d 966, 972 (7th Cir. 2007) ("In many instances, moreover, district courts actually may prefer to stay the balance of the case in the hope that the arbitration might help resolve, or at least shed some light on, the issues remaining in federal court."). A district court may actually abuse its discretion in allowing nonarbitrable issues to proceed absent a stay, where "the pending arbitration is likely to resolve issues material to the lawsuit." *Volkswagen*, 474 F.3d at 972 (citation omitted). In making this determination, the court must consider the risk of inconsistent rulings, the extent to which the arbitrators' decision will bind the parties, and the prejudice that may result from delays. *Id.*

First, the risk of inconsistent rulings absent a stay is considerable. The Indian appellate court's order appears to enjoin JPMorgan from honoring the letter of credit. (Def.'s Mot. Dismiss Group Ex. E, Indian App. Ct. Orders.) If this action proceeds before that injunction is lifted, JPMorgan could simultaneously be ordered by this Court to honor the letter of credit and barred from doing so by the Indian appellate court. *Amica Life Ins. Co. v. Barbor*, 488 F. Supp. 2d 750, 756 (N.D. Ill. 2007) (explaining that while the extension of international comity is discretionary, domestic courts generally give effect to the formal acts of a foreign nation). Staying this action would forestall this untenable result.

---

[1] The letter of credit action is a nonarbitrable issue because it is not subject to the arbitration clause in the construction contract.

Even if the Indian court has no basis for enjoining JPMorgan from honoring the letter of credit, this action should be stayed pending the outcome of the New Jersey arbitration. Generally, under the "independence principle," letters of credit are completely independent of the underlying contract on which they are based. *Semetex Corp. v. UBAF Arab Am. Bank*, 853 F. Supp. 759, 770 (S.D.N.Y. 1994).[2] Therefore, the issuing bank must honor a proper demand by a beneficiary, even if the beneficiary has breached the underlying contract. *Id.* The only exception allowing the customer to intervene in the letter of credit contract between the bank and the beneficiary is when there has been a "fraud in the transaction." N.Y. U.C.C. § 5-109 (McKinney 2000); *Rockwell Int'l Sys., Inc. v. Citibank, N.A.*, 719 F.2d 583, 588-89 (2d Cir. 1983). Under this exception, the customer may seek to "enjoin the bank from honoring the demand for payment." § 5-109(b)(2).

Here, PCL has asserted the "fraud exception" to the independence principle in its arbitration against LBG. If fraud is found, then JPMorgan has no obligation to honor the letter of credit. *Id.*; *see Banque Worms v. Banque Commerciale Privee*, 679 F. Supp. 1173, 1182 (S.D.N.Y. 1988) (explaining that the bank has no obligation to honor a letter of credit if there was fraud in the inducement of the underlying contract). Under these circumstances, where the result of the arbitration may substantially resolve the issues in this case (*i.e.*, whether JPMorgan should honor the letter of credit) and save the resources of the parties and the Court, a stay is warranted.

LBG argues that it would suffer prejudice from the stay because it has the right to payment of the letter of credit without delay. But where, as here, there is a possibility of

---

[2] Both parties agree that New York law applies to the letter of credit. (Pl.'s Opp'n Def.'s Mot. Dismiss at 2; Def.'s Reply Mot. Dismiss at 2, 6.)

inconsistent judgments because there is a chance that JPMorgan need not honor the letter of credit, the Court finds that a stay is appropriate. Therefore, JPMorgan's motion to stay is granted.

## II. PCL's Motion to Intervene

PCL argues that it is entitled to intervene in this action as a matter of right pursuant to Federal Rule of Civil Procedure ("Rule") 24(a)(2). In order to do so, PCL must establish that: (1) the motion was timely; (2) it "possess[es] an interest related to the subject matter of the . . . action"; (3) the "disposition of the action threatens to impair that interest"; and (4) the existing parties to the action fail to represent that interest adequately. Fed. R. Civ. P. 24(a)(2); *United States v. BDO Seidman*, 337 F.3d 802, 808 (7th Cir. 2003). Failure to establish any one of these elements is grounds for denial. *Ligas ex. rel. Foster v. Maram*, 478 F.3d 771, 773 (7th Cir. 2007).[3]

The parties do not dispute that the motion was timely. But plaintiff argues that PCL does not have a sufficient interest in the subject matter of this suit because it is not a party to the letter of credit and its financial interest alone is insufficient to warrant intervention as a matter of right. (Pl.'s Mem. Opp'n Mot. Intervene at 7-9.) PCL must only have an interest "relating to," the

---

[3] Plaintiff argues that PCL's motion should be denied because it failed to attach a proposed pleading as required under Rule 24(c). The Court disagrees. PCL's filing of an answer with its reply brief in support of its motion to intervene satisfies the requirement of Rule 24(c). *Pittman v. Chi. Bd. of Ed.*, No. 92 C 2219, 1992 WL 233903, at *1 (N.D. Ill. Sept. 15, 1992) (holding rule satisfied when pleading was attached to reply brief); *Mirfasihi v. Fleet Morg. Corp.*, No. 01 C 722, 2004 WL 2609184, at *4 (N.D. Ill. Nov. 17, 2004) (holding rule satisfied where pleading was filed shortly after motion to intervene). Where the necessary pleading is filed within a reasonable time after the motion, and there is no prejudice to the other party, a strict textual interpretation of the rule is unwarranted. *See Shevlin v. Schewe*, 809 F.2d 447, 550 (7th Cir. 1987).

letter of credit that is "direct," "substantial" and "significantly protectable." *Lake Invs. Dev. Group, Inc. v. Egidi Dev. Group*, 715 F.2d 1256, 1259 (7th Cir. 1983) (finding that the holder of a security interest in the property of the underlying action had a significant legal interest). PCL has such an interest because it is the ultimate obligor of the letter of credit, and as such, its legal rights and pecuniary interests will be substantially affected by this litigation. *Hyosung Am., Inc. v. Sumagh Textile Co., Ltd*, 25 F. Supp. 2d 376, 384 (S.D.N.Y. 1998) (explaining that the "party at risk" is the purchaser of the letter of credit because it must reimburse the issuer after its honor); *Werbungs Und Commerz Union Austalt v. Collectors' Guild, Ltd.*, 782 F. Supp. 870, 875 (S.D.N.Y. 1991) (holding that movant who secured letter of credit and is owner of collateral securing credit has protectable interest); *see also Builders Ass'n of Greater Chi. v. City of Chi.*, 170 F.R.D. 435, 440-41 (N.D. Ill. 1996) (finding that members benefited from the program at issue and would suffer significant financial losses due to the outcome of the case had an interest for purposes of Rule 24).

As to the third element, PCL argues that disposing of this action without its participation will preclude it from enjoining payment of the letter of credit and asserting its "fraud exception" claim under the U.C.C. The Court disagrees. First, PCL seeks to intervene and enjoin JPMorgan from honoring the letter of credit, even though: (1) it has already invoked the "fraud exception" to the independence principle in its arbitration proceeding against LBG; (2) JPMorgan has, on its own accord, refused to honor the letter of credit due to the Indian court's injunction and now moves this Court to stay the action until PCL's fraud claim is arbitrated; (3) this Court does not have jurisdiction over PCL's fraud claim because of the arbitration clause in the construction contract; (4) it is not clear, given the arbitration clause, that this Court is the

proper forum to decide whether PCL is entitled to injunctive relief; and (5) the Court has decided to stay this action pending the resolution of the arbitration. Given these circumstances, PCL will not be precluded from asserting its fraud claim without intervening. *Am. Nat'l Bank & Trust Co. of Chi. v. City of Chi.*, 865 F.2d 144, 147 (7th Cir. 1989) (stating that generally, "an intervenor's interest will not be impaired or impeded within the meaning of Rule 24(a) if the disposition of an action will not preclude the intervenor from bringing suit in another forum to enforce a claim." (quotation omitted)).

PCL's interest is also adequately represented by JPMorgan, as shown by its motion to stay this action until PCL's fraud claim is fully arbitrated to avoid wrongful payment of the letter of credit. Where, as here, it is established that the parties have the same ultimate objective in the underlying action, the intervenor must demonstrate, at the very least, that some conflict exists *Meredian Homes Corp. v. Nicholas W. Prassas & Co.*, 683 F.2d 201, 205 (7th Cir. 1982). PCL argues that a conflict of interest exists because JPMorgan is not asserting fraud against LBG. For reasons explained above, however, PCL and JPMorgan have the same ultimate objective of waiting until the fraud claim is arbitrated before the letter of credit is honored. And because the Court is staying this action until the arbitration is complete, plaintiff's main concern that once the Indian court's injunction is lifted "there is no reason to believe that JPMorgan will not pay LBG at the first available opportunity" is no longer an issue. (PCL's Reply Mem. Support Mot. Intervene at 15.) As such, PCL has not demonstrated that a conflict exists between it and JPMorgan. Therefore, PCL has not made the showing necessary to intervene as a matter of right.

PCL also seeks permissive intervention under Rule 24(b), which the Court has discretion to allow if the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B); *Griffith v. Univ. Hosp., LLC*, 249 F.3d 658, 661-62 (7th Cir. 2001) ("[R]eversal of a court's denial of a Rule 24(b) motion for permissive intervention is a very rare bird indeed." (quotation omitted)). Specifically, the proposed intervenor must demonstrate that there is: (1) a common question of law or fact, and (2) independent jurisdiction over the proposed intervenor's claim. *Reedsburg Bank v. Apollo*, 508 F.2d 995, 1000 (7th Cir. 1975). The Court must also consider whether "intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Vollmer v. Publishers Clearing House*, 248 F.3d 698, 707 (7th Cir. 2001).

PCL's only argument for permissive intervention is that "it has claims and defenses that share common issues of law and fact" with this action. (Mot. Intervene at 4.) LBG argues that the issue in this case is whether JPMorgan is bound by the Indian court's injunction, and PCL's issue is whether there was fraud in the underlying construction contract such that the letter of credit should not be honored. The Court agrees with LBG. PCL's claims and defenses involve a construction contract to which JPMorgan is not a party, and depend on the resolution of its fraud and breach of contract claims against LBG, neither of which is at issue here. Therefore, the Court denies PCL's motion to intervene.

## Conclusion

For the reasons set forth above, the Court grants JPMorgan's motion to stay [doc. no. 10] and denies PCL's motion to intervene [doc. no. 17]. The parties are ordered to set a status

hearing with the Court within thirty days after the decision of either the arbitration in New Jersey or the pending appeal in India, whichever is earlier.

SO ORDERED            ENTER:  July 18, 2011

_____
**RONALD A. GUZMAN**
**District Judge**